A. F. LOUGH, ETC., Appellants, v. CITY OF ESTHERVILLE et al., Appellees.

Municipal Bonds: ACTIONS: RELIEF. An equity action which is
1 so changed by amendment as to transform it into a suit at law, may still be tried as in equity, in the absence of a motion to transfer it to the proper form, but the relief can only be that afforded in a law action.

Municipal Debt. EXCESS: LIABILITY OF OFFICERS. There is no
2 personal liability of city officials for a municipal indebtedness in excess of the constitutional limitation when the same is contracted by them acting within their jurisdiction and for a lawful purpose.

Appeal from Emmet District Court.—HON. A. D. BAILIE, Judge.

FRIDAY, JANUARY, 29, 1904.

ACTION brought in equity, the prayer of the petition originally filed being for such relief as may well have been afforded by a court having equitable jurisdiction. A demurrer was interposed to such petition and sustained. Thereupon plaintiff filed an amended and substituted petition, the prayer thereof being confined to a demand for personal judgment against certain of the defendants in a sum named. To this pleading, also, a demurrer was interposed and sustained. Plaintiff elected to stand on his substituted petition, and there was a judgment against him for costs, from which he appeals.—*Affirmed.*

*E. R. Acres* for appellant.

*F. H. Helsell, E. A. Morling, N. J. Lee, J. G. Myerly,* and *C. W. Crim* for appellees.

BISHOP, J.—The plaintiff, A. F. Lough, sues for himself and all other taxpayers of the city of Estherville. The defendants, in addition to the city of Estherville, are E. J. Breen, O. H. Myhre, F. Albro, F. H. Rhodes, J. H. Wilson, Joe Hardie, J. M. Barker, and S. A. Keen. It is alleged that, at the time of the happening of the matters complained of, the said Breen was mayor, the said Myhre was treasurer, and the other defendants, except Keen, were members of the city council of said city of Estherville. In the petition originally filed it was alleged that the defendant city at all times in question was indebted in excess of the constitutional limit; that prior to the commencement of this action certain bonds had been issued by the city of Estherville, wrongfully and unlawfully, and as the result of a conspiracy entered into between the defendants, the officers of said city. The pleading also contains an allegation to the effect that demand for suit in the name and on behalf of the city had been made and refused. In the prayer it was demanded that payment of the bonds so issued be enjoined;

that such bonds be ordered surrendered up and canceled, etc. The substituted petition which was filed by plaintiff, following the ruling on the demurrer, and which is the pleading we now have before us for consideration, states facts in substance as follows: That, at the time of the happening of all the matters complained of, the city of Esterville was indebted in an amount in excess of the constitutional limit, and had no available funds with which to pay such indebtedness. That in May, 1899, the defendants Breen, Rhodes, Albro, Wilson, Barker, and Hardie, being, respectively, the mayor and members of the city council of said city, entered into a conspiracy for the purpose of wrongfully and unlawfully imposing a liability upon said city in further excess of the constitutional debt limit, and did fraudulently and unlawfully issue warrants upon the treasury of said city to various persons and for various amounts, aggregating, in the whole, the sum of $12,000. That each of such warrants were of a single issue and were issued by said city, through its said officers, for the purpose of raising money to pay the purchase price of lands tendered by the city to a railway company for depot grounds, shops, etc., in said city. That, in furtherance of the unlawful and fraudulent conspiracy so entered into, said defendants procured all the warrants so issued to be placed in the hands of one C. W. Crim, to assist and enable him to obtain judgment against said city for the full amount thereof, and that, in furtherance of said conspiracy, he (said Crim) did thereafter commence an action and obtain judgment by default in the district court of Emmet county on said warrants, the officers of the city wrongfully refusing to appear and defend said action, or permit the city solicitor to do so. That, in furtherance of such conspiracy, twenty-year bonds of said city were wrongfully and unlawfully issued by the said officers thereof in an amount equal to the amount of said judgment, which bonds were negotiated and sold to the defendant Keen, a resident of the city of Chicago, Ill. That the proceeds of such bonds were

used at once to satisfy said judgment. The allegation is made that the sale of said bonds to Keen took place more than three months prior to the bringing of this action, and that said Keen has sold and transferred all such bonds to innocent purchasers, who now own and hold the same. That the city is now paying interest thereon, and will be compelled to pay the said bonds in full when presented, and this plaintiff and other taxpayers will be taxed to raise funds for that purpose. Service of a notice to bring suit, and a refusal on the part of the officers of the city to comply therewith, is alleged. The demand of the prayer is that personal judgment be rendered against defendants Breen et al., in favor of plaintiff and other taxpayers herein, or in favor of the defendant city, for the amount of the bonds issued as alleged, with interest thereon, and such other relief as may seem just and equitable.

This pleading is attacked by the demurrer filed thereto for the reason, among others, that the facts stated do not entitle plaintiff to the judgment demanded. Consideration of

1. Actions; relief.
the questions which are fairly included in such general ground of demurrer, must as we think, work a disposition of the case. It will be observed that the petition, as now presented, sets forth a demand at law, pure and simple. It is an action predicated solely upon tort allegations, and relief is asked simply in the way of a money judgment. That a plaintiff who has commenced his action in equity—setting forth facts under which he is entitled to proceed in equity—may, by subsequent pleading, so change the fact averments and his demand for relief as to convert his action into one at law, and vice versa, is not questioned. Newman v. Association, 76 Iowa, 56, is authority for such procedure. See, also Weaver v. Kintzley, 58 Iowa, 191. And if no motion is made to transfer the cause to the proper docket for trial, it may be heard and disposed of in the forum where commenced. This is a rule of the statute (Code section 3437). But while the method of procedure peculiar to the court in which the trial is had will be observed

in the conduct thereof, it must be manifest that the plaintiff can have no relief other or different from that to which he would have been entitled, had his action been prosecuted in the forum in which of right it properly belonged. Now, that plaintiff does not seek a recovery involving any property rights inhering in himself is confessedly true. He does not claim to be entitled, at least as yet, to reimbursement for any taxes paid, or to have been otherwise injured or damaged in respect to any property right personal to himself. Hence he has no ground upon which to predicate a demand for personal recovery. The thought of the petition, if we gather it correctly, is that the defendants having conspired together to fasten a further indebtedness upon the city, notwithstanding it was already indebted to the full constitutional limit, and having accomplished such result by the wrongful and unlawful issuance of warrants, which, in turn, were merged into a judgment, and the judgment paid by the proceeds of the bonds issued, and the city having lost the right to contest the validity of such bonds, both by reason of the lapse of time, and the fact that the same have passed into the hands of an innocent holder for value, therefore the defendants should be required, for the benefit of plaintiff and all other taxpayers of the city, to pay into the city treasury a sum of money sufficient to make payment, when presented, of the bonds so issued, principal and interest. The proposition is unique, to say the least. It is fairly presented by the record, however, and is entitled to our deliberate consideration. In proceeding to a conclusion, we are not to lose sight of the fact that this is a law action—triable, of course, in the absence of a motion to transfer to the law docket, according to the method of equity actions, but in every essential respect a law action nevertheless. Accurately speaking, it is an action in which a money judgment is sought to be recovered against the defendants, as individuals, on account of acts done by them while acting as mayor and councilmen of the defendant city, in that, as such officers, they wrongfully and unlawfully created a debt against said city in excess of the constitutional

limit; the demand for damages being predicated upon the allegation that plaintiff and the other taxpayers of said city will be compelled, by taxation, to pay such debt. That a taxpayer, for himself and others, may sue in equity—proper allegations being made—for an injunction to restrain the officers of a municipal corporation from contracting an indebtedness in excess of the constitutional limit, has been held repeatedly. We need not cite the cases. They are familiar to all.

But where a debt has been created notwithstanding the limitation, may the city officials who by their official acts have knowingly and wrongfully brought about such result

2. MUNICIPAL debt: excess: liability of officers. be held personally liable for the amount of such debt; it being conceded that the city will be compelled to pay the same, although it has not yet done so? This is the question we have to deal with. The demand for judgment being on behalf of the municipality, we may dispose of the question as though the action had been instituted and was being prosecuted by the city. That this is proper must be manifest, because there can be no ground for complaint on the part of a taxpayer if there be no right of recovery on the part of the city itself. Now, what is the situation fairly disclosed by the petition? The warrants issued as alleged were in payment of lands tendered—that is, donated —to the railway company for depot and station grounds. Under section 885 of the Code, cities have the power to purchase or condemn grounds for such purpose of donation. Before this can be done, however, there must be a petition to the council, and the question of donation must be submitted to a vote of the electors at a special election called for that purpose. Code, section 886. A very familiar principle of law authorizes us to presume that the provisions of the statute were fairly complied with. The petition does not challenge this presumption. On the contrary, the charge of wrongful and unlawful acts has reference solely to the fact that the indebtedness contracted was in excess of the constitutional limit. Counsel for appellant does not cite any case holding

that the mayor and the respective members of the council of a city may be held personally liable in damages because that municipal indebtedness in excess of the constitutional limit has been contracted or permitted. We know of no such case, and we cannot say that there is anything in reason or the spirit of our system of government that dictates the promulgation of any such rule at our hands. While a violation of the Constitution in the respect in question is to be condemned, and the courts should interfere to prevent such violation whenever called upon so to do, yet we are not prepared to adopt the suggestion that an action for damages may be resorted to, as affording a proper means of redress, where a violation has been accomplished. What might be said in a case where there had been a wanton dissipation of the corporate property, or an appropriation of its funds without form of justification or excuse, we need not determine, as no such question is here involved.

We have set forth the facts sufficiently to indicate that we have here a case where the expenditure was a proper one, and the only question made has reference to the constitutional limitation. Now, the warrants were issued upon the order of the city council, and the defendants against whom judgment is sought were acting in the premises as the mayor and members of such city council. So, too, it must be conceded that they were acting within the scope of their jurisdiction. It has always been the law that a public officer who acts either in a judicial or legislative capacity cannot be held to respond in damages on account of any act done by him in his official capacity. His act may be void as in excess of jurisdiction, or otherwise without authority of law, and he may be subject to impeachment and removal from office for corrupt practice, but he cannot be mulcted in damages. This conclusion has the support of all the adjudged cases. For a general discussion of the subject, and citation of cases, see Throop on Public Officers, sections 534, 709.

Our conclusion is that the judgment was right, and it is AFFIRMED.