27137. KOEHLER et al. v. MASSELL et al.

ARGUED APRIL 11, 1972—DECIDED SEPTEMBER 7, 1972.

*Koehler & Russo, Michael L. Russo,* for appellants.

*William H. Duckworth, Jr., Henry L. Bowden, Marvin Arrington,* for appellees.

HAWES, Justice. Paul R. Koehler, individually, and as a taxpayer of the City of Atlanta and as a member, and for the benefit of all members of a class and on behalf of himself and all others similarly situated, brought suit against Sam Massell, Mayor of the City of Atlanta, and 17 other individuals, each described as an Alderman of the City of Atlanta, but sued as individuals and not in their official capacities, seeking an injunction and damages on account of described acts of the defendants done in their official capacities. Plaintiff alleged that the defendants, acting as the Mayor and Board of Aldermen of the City, have adopted the practice of authorizing the payment by the city

of claims arising because of the negligent performance by city employees of governmental functions, designating such claims as "moral obligations"; that there is no provision of law authorizing a municipal corporation to pay as a moral obligation a claim which a municipal corporation would not be legally obligated to pay because of governmental immunity; that for the past six years the amount of funds thus unlawfully expended exceeds $300,000, and plaintiff sought a judgment against defendants jointly and severally in that amount, or in whatever other sum the evidence adduced upon the trial of the case should disclose to have been thus illegally paid out over the six years immediately preceding the bringing of the suit, such sums to be repaid to the general funds of the City of Atlanta, and plaintiff also sought an injunction against the defendants enjoining them from approving and paying in the future claims as moral obligations until the matter could be finally determined. The defendant, Marvin S. Arrington, filed separate defensive pleadings in which he denied that he had ever voted to pay moral claims and alleged that he had, on each occasion when the question had arisen in the Board of Aldermen, urged his colleagues not to approve any claim so categorized. The other defendants filed joint defensive pleadings in which they denied generally the allegations of plaintiff's complaint but admitted that the Board of Aldermen had by a majority vote in the past adopted resolutions authorizing payments in settlement of claims resulting from negligence in the performance of governmental duties; admitted that moneys have been expended by the City of Atlanta in satisfaction of such claims which, though not legally enforceable because of the doctrine of governmental immunity, were authorized by the majority who voted for said resolutions "based on a strong moral obligation and equitable duty to contribute to the payment of the damages of the claimant caused by employees and agents of the City of Atlanta." Defendants denied the right of the plaintiff to recover a personal monetary judgment against them because the acts for which the plaintiff seeks a recovery were legislative acts

performed in their official capacities, and because "in all of the acts, they acted in the utmost good faith, without malice, fraud or personal gain." The defendants also filed a motion to dismiss the complaint for failure to state a claim, and insofar as it sought a money judgment against the defendants individually, jointly and severally. The trial court sustained both grounds of the defendants' motion to dismiss, and that judgment is the subject of this appeal.

1. Since the adoption of the Civil Practice Act (Ga. L. 1966, p. 609; 1967, p. 226; *Code Ann.* Title 81A) a complaint need not set forth a cause of action in order to withstand a motion to dismiss but need only to set forth a claim for relief. Under that title, the complaint may no longer be construed most strongly against the pleader. "Furthermore, 'a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' 2A Moore, Federal Practice, 1706, § 8.13." *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695); *Gill v. Myrick,* 228 Ga. 253, 259 (185 SE2d 72); *Johnson v. Wormsloe Foundation,* 228 Ga. 722, 725 (187 SE2d 682). Applying these principles and the principles of law hereinafter set out, we have concluded that the complaint in this case was sufficient to withstand the motion to dismiss and the trial court erred in dismissing it.

2. Only recently this court has had occasion to reiterate the doctrine of governmental immunity. *Crowder v. Department of State Parks,* 228 Ga. 436 (185 SE2d 908). This doctrine means no more, however, than that a suit cannot be maintained against the State without its consent. As was pointed out in that case, the State can expressly consent to be sued, and the prerogative for granting that consent is in the legislature.

3. Municipalities are creatures of the legislature. They

possess only such powers as are expressly delegated to them by the legislature. They possess no inherent powers. *Churchill v. Walker,* 68 Ga. 681, 686; *City of Atlanta v. Gate City Gas Light Co.,* 71 Ga. 106, 124; *Hogg v. City of Rome,* 189 Ga. 298, 303 (6 SE2d 48). Accordingly, municipalities are not legally compellable or liable to pay claims arising by reason of negligence in the performance of their governmental functions unless the legislature has delegated to them the power and authority to waive their immunity from suit on claims arising because of negligence in the performance of such governmental functions. *Code* § 69-301; *Collins v. Mayor &c. of Macon,* 69 Ga. 542, 544; *Mayor & Council of Dalton v. Wilson,* 118 Ga. 100, 101 (44 SE 830); *Cornelisen v. City of Atlanta,* 146 Ga. 416 (1) (91 SE 415). The allegations of the complaint in this case plainly charged the defendants with improperly appropriating tax moneys of the City of Atlanta to pay claims arising on account of the negligent performance of governmental functions within the broad spectrum of those functions as defined by this court in *Aven v. Steiner Cancer Hospital,* 189 Ga. 126, 141 (5 SE2d 356).

4. Under the provisions of § 56-2437 of the Act approved March 8, 1960 (Ga. L. 1960, pp. 289, 673; *Code Ann.* § 56-2437), the legislature delegated to municipal corporations, counties and other political subdivisions of this State the right to waive governmental immunity with respect to injuries inflicted by reason of the ownership, maintenance, operation or use of any motor vehicle owned by such municipal corporations, counties, or other political subdivisions whether in a governmental undertaking or not. That section authorizes municipalities and other political subdivisions of the State to procure insurance policies to cover liability for damages on account of bodily injury or death and damage to property of any person arising by reason of the negligent operation of any motor vehicle owned by such municipal corporation, county or other political subdivision. Under the provisions of that section, whenever a municipal corporation elects to purchase such insurance "its govern-

mental immunity shall be waived to the extent of the amount of insurance so purchased," and neither such municipal corporation nor the insurance company shall plead governmental immunity as a defense, but may make only such defenses as could be made if the insured were a private person. It further provides that a municipal corporation procuring such insurance shall be liable for negligence as therein provided only for damages suffered while said insurance is in force and in no case in an amount exceeding the limits of coverage provided by such insurance policy. By an Act approved March 17, 1960 (Ga. L. 1960, p. 2709) the legislature authorized municipalities having a population according to the 1950 or any later Federal census between 119,500 and 250,000 persons in their discretion to become self-insurers under the provisions of § 56-2437. Section 2 of that Act provides: "Each such municipality shall be authorized to provide for the amount and extent of self-insurance which such municipality shall assume, the necessary reserves needed, the minimum claim to be paid on each risk, and the type of additional or excess insurance coverage that may be required." By an Act approved March 20, 1963 (Ga. L. 1963, p. 2366) the General Assembly made a similar provision for cities having a population between 116,500 and 119,500 persons according to the 1960 or any later Federal census, and by the Act approved March 21, 1970 (Ga. L. 1970, p. 3207) the legislature enacted a similar delegation of authority to all municipal corporations of Georgia whose population, as determined by the 1960 or any later Federal census, shall be more than 400,000 persons. We take judicial cognizance that this latter Act applies to the City of Atlanta. Section 2 of that Act provides: "Each such municipality shall be authorized to provide for the amount and extent of self insurers [sic] which such municipality shall assume, the necessary risk and the type of additional or excess insurance coverage that may be required." The Code section and the Acts just referred to manifestly limit the right of municipalities to waive governmental immunity in cases arising out of the operation

of motor vehicles. So far as we are aware, no other delegation of authority to waive governmental immunity from liability for damages on account of the negligent performance of governmental functions has been made by the legislature. Beyond the provisions quoted from the 1960 and the 1970 Acts, the General Assembly enacted no requirements as to the formality with which municipal corporations must comply in order to become self-insurers. It is obvious, however, that all of those Acts which refer to § 56-2437 of the Insurance Code (or to the corresponding provision embodied in the former law) contemplate that there would be no substantial differences in the treatment and payment of claims between municipalities which procure policies of automobile insurance under that Code section and those municipalities electing to become self-insurers under one of the Acts permitting such election.

5. *Code Ann.* § 56-2437 clearly contemplates that all valid claims against a municipality up to the limits of the insurance policies provided pursuant thereto shall be paid where liability would exist except for "governmental immunity." Where parties disagree as to whether legal liability exists in a given situation the place for the resolution of that question is in courts of justice. *State Farm Mut. Auto Ins. Co. v. Girtman,* 113 Ga. App. 54, 57 (147 SE2d 364), and cits. The determination of such a question is not the function of a legislative body.

6. The record before this court is silent as to whether the City of Atlanta has formally elected to become a self-insurer, but the inference to be drawn from the pleadings and from the stipulations is that it has not done so. Under the allegation of the complaint and the admissions contained in the answer it is apparent that the mayor and the board of aldermen have adopted the practice of legislatively appropriating funds for the payment of "moral claims" on an individual basis and without regard to the question of legal liability. The payment by a municipality of claims arising by reason of the negligent performance of a governmental function except pursuant to the provisions of *Code Ann.*

§ 56-2437 or pursuant to the provisions of one of the Acts permitting a municipality to become a self-insurer is an illegal and ultra vires act barred under the doctrine of governmental immunity. The plaintiff, as a taxpayer of the City of Atlanta, as alleged in the complaint and admitted by the defendant, had standing to seek an order enjoining such illegal practice. *Bagby v. Bowen,* 180 Ga. 214 (1) (178 SE 439); 64 CJS 954, Municipal Corporations, § 2139.

7. With respect to the issue of the personal liability of the defendants, the case is plainly not one within the provisions of *Code* § 69-208. Very few decisions of this court and of the Court of Appeals throw any light on the precise question here presented. In *McCord v. City of Jackson,* 135 Ga. 176 (2) (69 SE 23), this court held: "Municipal authorities are not personally liable in an action to recover money lawfully collected by them for one purpose, but applied to some other *lawful* liability of the municipality, unless some charter provision or the general law of the State imposes a liability on them in such instances, or unless their action puts it beyond the power of the municipality lawfully to raise, during the current year, the money with which to discharge the obligations for which the funds thus misapplied were originally intended." (Emphasis supplied.) Plaintiff amended his complaint by adding allegations seeking to bring his claim for money damages within the provisions of the last clause of the above quoted holding. However, we do not think that the ruling in that case is fully determinative of the question here. No other Georgia case has been called to our attention which decides this question. In 62 CJS 1009, Municipal Corporations, § 545 b (1) we find this statement supported by respectable authority: "In the absence of fraud or a statute providing for liability, municipal officers acting in a legislative capacity are not liable in damages for acts done in their official capacity, although such acts are void as in excess of jurisdiction, or otherwise without authority of law." We think this rule is a sound statement of the law as far as it goes. However, as applied to the issues in this case, we hold that in the absence of a showing

of bad faith, malice or fraud, coupled with a showing of direct or indirect pecuniary gain to the municipal officers accruing therefrom, or of a showing of the violation of the provisions of *Code Ann.* § 26-2304 (b) or of § 26-2305 (b) relating to the acceptance of bribes to influence official action, the mayor and board of aldermen would not be individually liable to respond in damages for legislative actions taken by them. Legislators ought not to be lightly called upon to personally respond in damages for their official legislative acts, but certainly, if it can be shown that they have, in effect, raided the public treasury of funds in order to enhance their personal fortunes, they should be held personally liable. In making this ruling we do not intend to intimate that these are the facts of the case, but merely that if the plaintiff can prove such to be the facts, he may recover damages on behalf of the city. Whether the plaintiff can meet this test with proof in this case must abide the trial of the case before a jury.

As was said by the Supreme Court of Iowa in the case of Lough v. Estherville, 122 Iowa 479, 483, 484, 485 (98 NW 308) as quoted by the Court of Appeals in *Williford v. Moore,* 51 Ga. App. 869, 876 (181 SE 515): "'Accurately speaking, it is an action in which a money judgment is sought to be recovered against the defendants, as individuals, on account of acts done by them while acting as mayor and councilmen of the defendant city in excess of the constitutional limit; the demand for damages being predicated upon the allegation that plaintiff and the other taxpayers of said city will be compelled, by taxation, to pay such debt. That a taxpayer, for himself and others, may sue in equity—proper allegations being made—for an injunction to restrain the officers of a municipal corporation from contracting an indebtedness in excess of the constitutional limit, has been held repeatedly. We need not cite cases. They are familiar to all. But where a debt has been created notwithstanding the limitation, may the city officials who by their official acts have knowingly and wrongfully brought about such result be held personally liable for the

amount of such debt; it being conceded that the city will be compelled to pay the same, although it has not yet done so? . . . The demand for judgment being on behalf of the municipality, we may dispose of the question as though the action had been instituted and was being prosecuted by the city . . . Counsel for appellant does not cite any case holding that the mayor and the respective members of the council of a city may be held personally liable in damages because that municipal indebtedness in excess of the contitutional limit has been contracted or permitted. We know of no such case, and we cannot say that there is anything in reason or the spirit of our system of government that dictates the promulgation of any such rule at our hands. While a violation of the Constitution in the respect in question is to be condemned, and the courts should interfere to prevent such violation whenever called upon so to do, yet we are not prepared to adopt the suggestion that an action for damages may be resorted to, as affording a proper means of redress, where a violation has been accomplished.'" Thereafter, the Court of Appeals continued: "There is a vast difference between a proceeding to restrain the officers of a municipality from appropriating more of its funds to a particular purpose than could be legally done, and an action at law brought by a citizen and taxpayer of the municipality, for its use, to recover from such officers a large sum of money which, by the official act of such officers, had been 'illegally, without authority of law, and in dereliction of their duty' (but not in bad faith) diverted to a *legal* purpose, when the defendants have not benefited in any way by their act and the municipality has not lost a penny of its money thereby." (Emphasis supplied.) Id. p. 877. That case involved the diversion of funds from one legal purpose to another *legal* purpose. The diversion of funds charged here is from a legal purpose to an *illegal* purpose. In a proper case this may require a different result, but in the absence of a strict showing, as set forth above, the Mayor & Aldermen of the City of Atlanta would not be personally liable for their legislative acts. Upon

application of these principles, it is not apparent that the plaintiff, suing as a representative of the taxpayers of the City of Atlanta as a class and for the use of the City of Atlanta, does not have a claim against the defendants for monetary damages within the framework of the case made by the complaint. The decision of this question must be left to a jury under proper instructions from the court.

*Judgment reversed. All the Justices concur.*