### 59035. DAVIS v. THE STATE.

CARLEY, Judge.

Appellant was indicted for the offense of aggravated assault and, after trial, the jury returned a verdict of guilty of simple battery. Appellant appeals from the judgment entered on the jury verdict. The sole enumeration of error is that the trial court erred in refusing to charge the jury in accordance with Code Ann. § 26-1306 which provides: "A person charged with simple assault or simple battery may introduce in evidence any opprobrious or abusive language used by the person against whom force was threatened or used and the trier of facts may, in its discretion, find that the words used were justification for simple assault or simple battery."

Appellant contends that the victim used "opprobrious or abusive language" when, prior to the appellant's striking of the victim, the victim stated: "Well, I'm tired of your mess." On appeal appellant contends that the jury should have been instructed that it could find that these words were justification for simple assault or simple battery. However, throughout the trial, appellant testified and introduced testimony of other witnesses that he struck the victim because he was afraid that the victim, who was advancing toward the appellant with his hand in his pocket, would do him bodily harm. It clearly appears that appellant sought to justify his actions on the basis of self-defense. The trial court properly instructed the jury as to self-defense in accordance with Code Ann. § 26-902. Our review of the transcript compels the conclusion that the evidence in this case did not require an instruction concerning the use by the victim of opprobrious and abusive language as justification for the act of the appellant. "[S]uch a charge would not have been adjusted to the facts of the case." *Aguilar v. State,* 240 Ga. 830, 836 (242 SE2d 620) (1978).

Even assuming that the defense of justification on the basis of Code Ann. § 26-1306 is raised by the evidence,

we do not believe that the words relied upon constitute "opprobrious or abusive language" as contemplated by the cited provision of our Criminal Code. Although Code Ann. § 26-1306 does not itself define "opprobrious or abusive language," Code Ann. § 26-2610 (a) providing that the use "to or of another" of opprobrious or abusive language is a misdemeanor, describes such "language" as ". . . words which by their very utterance tend to incite to an immediate breach of the peace; that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence, naturally tend to provoke violent resentment, that is, *words commonly called fighting words.*" (Emphasis supplied.) Code Ann. § 26-2610(a). We do not see how the words attributed to the victim here can be considered as "fighting words" so as to be classified as "opprobrious or abusive language" in the context of Code Ann. § 26-1306. Cf. *Rozier v. State,* 140 Ga. App. 356 (231 SE2d 131) (1976). There was no error.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted January 7, 1980 — Decided February 19, 1980.

*Roger B. Lane,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.