*Lawrence S. Sorgen,* for appellee.

### 64359. CAPITOL T. V. SERVICE, INC. et al. v. DERRICK.

DEEN, Presiding Judge.

Appellants, Capitol T.V. Service, Inc., and George Comer, appeal from a judgment awarding Rod Derrick $7,000 in damages for assault and battery.

1. Appellants first contend that the trial court erred in charging the jury "the plaintiff is protected against a purely mental disturbance of his personal integrity . . ." because a cause of action for assault requires that the plaintiff be placed in circumstances which, reasonably viewed, are such as to lead a person reasonably to apprehend a violent injury from the unlawful act of another.

The transcript shows that the court first charged the jury that an assault occurs when a person ". . . either attempts to commit a violent injury to the person of another or commits an act which places another in reasonable apprehension of immediately receiving violent injury." A little later, the court charged, ". . . the interest in freedom from apprehension of harmful or offensive contact with a person, as distinguished from the contact itself, is protected by an action for the tort known as assault. No actual contact is necessary to it, and the plaintiff is protected against a purely mental disturbance of his personal integrity, and it follows that damages are recoverable for fright, humiliation, and the like."

Under the Criminal Code, Code Ann. § 26-1301, "A person commits simple assault when he either (a) attempts to commit a violent injury to the person of another or (b) commits an act which places another in reasonable apprehension of immediately receiving a violent injury." Under Code Ann. § 105-602: "Any violent injury or attempt to commit a physical injury illegally upon a person is a tort for which damages may be recovered." In *Quaker City Life Ins. Co. v. Sutson,* 102 Ga. App. 53, 56 (115 SE2d 699) (1960), this court examined the definition of assault and held: "It seems to be a preferable correlation, and one completely compatible with the expressions of our own courts to say that where all the apparent circumstances, reasonably viewed, are such as *to lead a person reasonably to apprehend a violent injury* from the unlawful act of another, there is an assault." (Emphasis supplied.) Thus, it is the apprehension that gives rise to the cause of action for assault.

Such an apprehension was shown in this case. The plaintiff testified that he worked for Amana Southeast and that it was his duty

to call upon dealers in the metro Atlanta area. He called upon George Comer at Capitol T.V. because his firm was concerned about the ambiguity in some advertisements that Capitol T.V. was running in a local newspaper and that Amana had a co-op agreement with the dealers whereby it paid for a certain percentage of the advertising. When he asked Comer about the advertisements, Comer became enraged by the criticism and threatened him by stating, "I'll sue your ass off, I'll whip your goddamn ass." When Comer then got up from behind his desk, Derrick thought he might be going to leave the room, but Comer came around the desk to where the plaintiff was sitting, again threatened to "whip your ass" and struck him in the jaw with his fist. Derrick testified that when Comer started to swing his arm, "I flinched, but I was pinned in the chair and there was nowhere to go and he hit me anyway." A bookkeeper in an adjoining room testified that she could tell Comer was angry because he was talking loudly, using profane language, and at one point he jumped out of his chair slamming it against the wall. Comer denied hitting Derrick, but admitted cussing him out and threatening him. This evidence shows that Derrick was placed in reasonable apprehension of receiving a violent injury and that the charge taken as a whole embodied correct principles of law and was not error although it was quite verbose. See *Brown v. State,* 142 Ga. App. 247 (235 SE2d 671) (1977). Compare with *Candler v. Smith,* 50 Ga. App. 667 (179 SE 395), wherein damages because of fright and injuries resulting from an owner's negligence of an escaped baboon, an animal of ferae naturae, and *Christy Bros. Circus v. Turnage,* 38 Ga. App. 581 (144 SE 680) (1928) involving a horse evacuating his bowels in a lady's lap which held in part: "[A] person suffering a mental condition dependent upon an injury to the person may, in suing to recover damages for the injury, limit the damages to the mental suffering alone, and it is not essential to his right to the recovery of damages for mental suffering that the physical injury out of which the mental suffering arose was productive of any actual physical hurt or damage, or that he should seek a recovery for such actual physical hurt or damage."

2. Appellants further contend that the trial court erred in charging that the defense of justification is available when a person reasonably believes that the use of force is necessary to defend himself against or a third person against imminent use of unlawful force. Appellants seem to be arguing that the court improperly limited their defense of justification because plaintiff's criticism of their advertisements was an attempt to coerce Comer into violating the Sherman Anti-Trust Act. Justification for assault requires opprobrious words ". . . uttered in the presence of the assaulting party and 'which, in their nature, are supposed to arouse the passions, and

justify, under certain circumstances to be adjudged by the jury, instant and appropriate resentment, not disproportioned to the provocation.' " *Robinson v. DeVaughn,* 59 Ga. App. 37 (1) (200 SE 213) (1938). See also *Davis v. State,* 153 Ga. App. 528 (265 SE2d 857) (1980). There was no evidence that the plaintiff uttered opprobrious words. The charge as given actually benefited the appellant because it presented to the jury a defense to which he was not entitled and he has failed to show how he was harmed by this instruction.

3. Appellee's motion pursuant to Code Ann. § 6-1801 which authorizes this court to impose damages of 10 percent when an appeal is taken for purposes of delay only is denied. We cannot say that this appeal is taken solely for purposes of delay.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 13, 1982.

*William R. King, Paul H. Arne,* for appellants.
*John C. Mayoue, Robert J. Augustine,* for appellee.