A90A0487. DAVIS v. TRUSTHOUSE FORTE HOTELS
WORLDWIDE, INC. et al.
(395 SE2d 235)

SOGNIER, Judge.

Michael G. Davis brought suit against Trusthouse Forte Hotels Worldwide, Inc. d/b/a Viscount Inn and three hotel employees, Dean Taylor, Gloria Rike, and Curtis Davis, alleging a claim for malicious prosecution. The trial court granted summary judgment to the defendants, and Davis filed this appeal.

The record below, which consists primarily of the transcript of appellant's criminal trial, reveals that on the night of September 22, 1988, appellee Rike was stationed at the hotel desk when appellant entered the lobby and requested change for a $50 bill. Appellant explained that he was buying gas at the service station next door, which would accept no bill larger than a twenty, and that he had left his $50 bill with the station attendant. When Rike expressed reluctance to give him change without receiving the $50 bill in exchange, appellant offered to leave his credit card and driver's license as security. Rike testified that after appellant searched his wallet but found neither item, she then instructed appellee Curtis Davis, a hotel bellman, to accompany appellant to the service station to exchange the money. Davis testified that he and appellant walked out the front door of the hotel lobby to find appellant's car sitting in front with the motor running. Davis declined appellant's offer of a ride and began walking across the parking lot to the service station as appellant drove there. Davis stated that an armed man then stepped from the shadows and ordered him to give up the money. After handing over the $50, Davis saw appellant stop his car and open the door for the armed man, and the two drove away. On his way back to the hotel, Davis discovered appellant's wallet in the parking lot. Rike summoned the police, who later arrested appellant and charged him with armed robbery. At trial, appellant testified that he gave his wallet to Davis in exchange for the $50 and then drove away without giving Davis the alleged $50 bill, but that there was no armed accomplice involved. The jury acquitted appellant of armed robbery but convicted him of theft by deception.

1. Appellant contends the trial court erred by concluding that under *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987), the denial of appellant's motion for directed verdict of acquittal in his criminal trial constituted a binding determination of the existence of probable cause, thereby defeating his claim for malicious prosecution. We disagree and affirm. In *Monroe*, the Supreme Court held that one of the essential elements of an action for malicious prosecution, the lack of probable cause (see OCGA § 51-7-40), cannot be established as a matter of law if in the preceding criminal action the court denied the

claimant's motion for directed verdict of acquittal and that ruling stands unreversed and untainted by fraud or corruption. *Monroe*, supra at 761 (6). In the case at bar, the judge presiding over appellant's criminal trial denied appellant's directed verdict motions made both at the close of the State's case and again at the close of all the evidence. Accordingly, the existence of probable cause having been established as a matter of law, appellees had pierced an essential element of appellant's case and thus were entitled to summary judgment. Id. at 762.

Although appellant claims that a fact question remains regarding whether appellees Rike and Davis gave perjured testimony at the trial, he has presented no evidence to support this theory, and in the absence of any such evidence, summary judgment was proper. *Akins v. Warren*, 258 Ga. 853, 854 (3) (375 SE2d 605) (1989). Appellant also argues the directed verdict ruling could be reversed on appeal; however, there is no evidence appellant has filed an appeal of his criminal conviction. Further, given that appellant was acquitted of armed robbery, we do not expect him to appeal the denial of his motion for directed verdict on the armed robbery charge.

2. Appellant's contention that material fact questions remain as to other causes of action alleged in his complaint is similarly without merit. While appellant's complaint could be liberally construed to assert a claim for slander, "[s]tatements made in good faith pursuant to investigation by police or other officers authorized to investigate crime or criminal activity are made in the performance of a public duty and are privileged. [OCGA § 51-5-7 (1).]" *Hardaway v. Sherman Enterprises, Inc.*, 133 Ga. App. 181 (210 SE2d 363) (1974). Thus, given the absence of any evidence rebutting their assertions of good faith, appellees were entitled to summary judgment. Id. The other "claims" appellant has identified in his complaint are merely statements of types of damages alleged to have arisen from the claimed malicious prosecution and slander, and do not set forth additional causes of action.

3. Appellant's three enumerations asserting errors of constitutional dimension all present arguments not ruled upon by the trial court, and consequently they cannot be addressed on appeal. *Hardison v. Haslam*, 250 Ga. 59, 61 (295 SE2d 830) (1982). Nonetheless, we note that because appellant's arguments urge the overruling or disregarding of the binding precedent of *Monroe*, supra, these enumerations are without merit.

4. We also disagree with appellant that the trial court's ruling was in conflict with *South Ga. Grocery Co. v. Banks*, 52 Ga. App. 1 (182 SE 61) (1935). Contrary to his argument, we do not find Davis' trial testimony to be so "incredible, impossible, or inherently improbable [cit.]," id. at 7, that it should not have been relied upon as a

basis for a finding of probable cause. See id. Moreover, while the *Banks* court did hold that the determination of whether the facts and circumstances necessary to establish probable cause exist "is a pure question of fact [cits.]," id., "where the material facts are not in dispute or only one inference can be drawn, the question becomes one of law. [Cit.]" *Abernathy v. Dover*, 139 Ga. App. 323 (228 SE2d 359) (1976). Given that *Monroe* established a mandatory inference to be drawn under the circumstances here, we affirm the trial court's grant of summary judgment to appellees.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 14, 1990 —
REHEARING DENIED MAY 29, 1990.

Michael G. Davis, *pro se.*
Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Lance D. Lourie, Debra E. LeVorse, for appellees.