A90A1590. GILLILAN v. STILL et al.
(404 SE2d 445)

CARLEY, Judge.

After dismissal of a warrant which had been issued for appellant-plaintiff's arrest on an arson charge, he filed the instant action against appellee-defendants. In his complaint, appellant alleged a number of intentional tort claims and, in their answer, appellees denied the material allegations of those claims. After discovery, appellees moved for summary judgment as to all claims against them and the trial court granted their motion. Appellant appeals from the trial court's grant of summary judgment in favor of appellees.

1. Insofar as appellant relies upon his arrest on a criminal warrant as a basis for recovery, the trial court correctly granted summary judgment in favor of appellees as to the claims for malicious abuse or use of process. "An action will not lie for the malicious abuse or the malicious use of criminal process, such [causes] of action being appli-

cable only to civil process. Where a criminal process, valid on its face, has been maliciously sued out without probable cause, an action for malicious arrest or malicious prosecution is the only remedy." *Grist v. White*, 14 Ga. App. 147 (2) (80 SE 519) (1914). See also *Yost v. Torok*, 256 Ga. 92, 93, (3), fn. 1 (344 SE2d 414) (1986).

2. Insofar as appellant seeks to recover under a slander theory, summary judgment was correctly granted in favor of appellees. The unrefuted evidence of record shows that the statements attributed to appellees either were never made, or were not slanderous, or were true, or were otherwise privileged. See generally *Davis v. Trusthouse Forte Hotels &c.*, 195 Ga. App. 768, 769 (2) (395 SE2d 235) (1990).

3. The trial court correctly granted summary judgment in favor of appellees as to appellant's claims for false imprisonment and malicious prosecution. *El-Amin v. Trust Co. Bank*, 171 Ga. App. 35 (318 SE2d 655) (1984).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 13, 1991 —

Dana G. Gillilan, *pro se.*
Richard H. Still, Jr., pro se.