A91A0523. WINGSTER v. HUNTLEY'S JIFFY STORES, INC.
(407 SE2d 481)

Cooper, Judge.

Following his acquittal by a jury on charges of armed robbery, appellant brought an action for malicious prosecution against appellee. The trial court, citing *Monroe v. Sigler*, 256 Ga. 759 (353 SE2d 23) (1987), granted summary judgment to appellee, and this appeal followed.

In two enumerations of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment. At the conclusion of appellant's criminal trial, appellant's attorney moved for a directed verdict of acquittal and the trial court denied the motion. "In *Monroe*, the Supreme Court held that one of the essential elements of an action for malicious prosecution, the lack of probable cause (see OCGA § 51-7-40), cannot be established as a matter of law if in the preceding criminal action the court denied the claimant's motion for directed verdict of acquittal and that ruling stands unreversed and untainted by fraud or corruption. [Cit.]" *Davis v. Trusthouse &c. Worldwide*, 195 Ga. App. 768 (1) (395 SE2d 235) (1990). Appellant argues that by denying his motion for acquittal, the trial judge in his criminal trial found that the in-court identification was sufficient but made no finding on the merits of the case. Therefore, appellant argues, the trial judge in his malicious prosecution case erred in applying *Monroe v. Sigler*. We disagree. This case is directly controlled by the holding in *Monroe v. Sigler*, and "[g]iven that *Monroe* established a mandatory inference to be drawn under the circumstances here, we affirm the trial court's grant of summary judgment to appellees." *Davis*, supra at 770.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

Decided June 28, 1991.

*Charles W. Bell*, for appellant.
*Karsman, Brooks & Callaway, Edward M. Hughes*, for appellee.