## A95A1381. GWINNETT COUNTY et al. v. KING.
(463 SE2d 511)

BIRDSONG, Presiding Judge.

After the grant of authority for an interlocutory appeal, Gwinnett County, Michael Barkhurst, the warden of the Gwinnett County Correctional Institute and Diversion Center, and Gary Gordijn, a classification officer at the correctional institute and diversion center, appeal the denial of their motions for summary judgment in King's action under 42 USC § 1983 alleging improper confinement and various tort claims under state law.

After his conviction, King was sentenced to 12 months confinement, but the sentence allowed "upon service of 90 days work release, the remainder [of the sentence] may be served on probation." The terms of the court order allowing King's participation in the work release program stated that King's participation in the program was voluntary and could be terminated by the court, King, or the supervisory committee of the program at any time. This order also provided that participants in the program who failed to comply with the rules and regulations of the program could be removed from the program, and that if a participant was removed from the program, no good time credit would be given for time spent in the program. Additionally, King signed the following acknowledgment: "*I understand that this program is a voluntary alternative to incarceration; that I will not receive earned time credit, and that any failure to work and return each day at the scheduled time, or failure to abide by any of the rules of the program will result in my immediate incarceration to serve the entire sentence and that my probation/suspension may be revoked.*"

After 67 days in the work release program, King reported drunk, and following a disciplinary proceeding, his participation was terminated because his conduct violated the rules of the program. King was placed in the county correctional institute to serve his full sentence in accordance with the trial court's order.

King's action under 42 USC § 1983 alleges that he was unconsti-

tutionally and illegally detained in the county correctional institute because he was denied credit for the time served in the work release program and that his participation was improperly terminated in the work release program because it was terminated without judicial intervention.

Barkhurst's and Gordijn's motions for summary judgment asserted that King's action against them was barred by qualified immunity because their actions were performed in good faith and within the scope of their official duties, and the motions were supported by affidavits from the appellants attesting to those facts. Barkhurst also contended that he could not be liable under 42 USC § 1983 because he was not responsible for any of the allegations alleged. Gwinnett County's motion for summary judgment asserted that as the doctrine of respondeat superior is not applicable to actions under § 1983 and no official policy of the county was responsible for King's alleged unlawful confinement, the county could not be held liable. The trial court denied both motions. *Held*:

1. "Under 42 USC § 1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. The statute creates no substantive rights; rather it provides a remedy for federal rights found elsewhere, and supports a cause of action which may be brought in state as well as federal court." (Citations and punctuation omitted.) *Bell v. City of Albany*, 210 Ga. App. 371, 372 (436 SE2d 87). Thus, if under color of state law the defendants violated any right guaranteed to King by the Constitution or federal law, they could be liable under 42 USC § 1983.

2. Pretermitting whether the appellants' actions in this case actually violated King's rights by carrying out the court order and the agreement King signed, however, is whether the defense of qualified immunity is available. If it is, the appellants are protected from King's claims. "Government officials performing discretionary functions are granted a qualified immunity shielding them from imposition of personal liability pursuant to 42 USC § 1983 insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Thus, the test is applied by considering the objective reasonableness of the official's actions (irrespective of his subjective beliefs) in light of legal rules which were clearly established at the time the action was taken." (Citation, punctuation, and footnotes omitted.) Id. at 374.

Therefore, given the terms of the sentence imposed, the supple-

mental order, and King's agreement to participate in the program under terms that authorized no good-time credit for participation in the diversion program, we do not find that King's right to have credit for good time served was clearly established. Accordingly, the defense of qualified immunity was available to these appellants, and the trial court erred by denying their motions. Moreover, the defense of official immunity under *Logue v. Wright*, 260 Ga. 206, 208 (392 SE2d 235) and *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) is available to these appellants to defeat any claim King might assert under state law.

3. Under the law applicable to actions under 42 USC § 1983 against local governments, the doctrine of respondeat superior is not a basis for imposing liability. To impose liability, it must be shown that some policy of Gwinnett County was responsible for the violation of King's federally protected rights. *Tillman v. Mastin*, 216 Ga. App. 3 (453 SE2d 85); *Alford v. Osei-Kwasi*, 203 Ga. App. 716, 721-722 (418 SE2d 79). See *Monell v. Dept. of Social Svcs. of New York City*, 436 U. S. 658, 691 (98 SC 2018, 56 LE2d 611). In this case, as King has identified no policy of Gwinnett County which was responsible for any of the alleged deprivations, he cannot prevail on his claim against the county. *Holloway v. Rogers*, 181 Ga. App. 11, 13 (351 SE2d 240). " 'Deputy sheriffs and deputy jailors are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge.' " *Warren v. Walton*, 231 Ga. 495, 499 (202 SE2d 405); *Drost v. Robinson*, 194 Ga. 703, 710 (22 SE2d 475). Therefore, even King's contract claim against the county must fail.

4. In view of our disposition above, King's other claims are without merit.

Accordingly, the trial court's denial of the appellants' motions for summary judgment must be reversed and the case remanded with direction to enter summary judgment for the appellants on all of King's claims.

*Judgment reversed and remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 4, 1995 —
RECONSIDERATION DENIED OCTOBER 25, 1995 —

*Boyce, Ekonomou & Atkinson, Richard A. Carothers, William M. Coolidge III*, for appellants.

*Peevy & Lancaster, Gregory W. Lancaster, Davis & Sissell, Kenneth M. Sissel*, for appellee.