A01A0199. OUTLAW v. NASWORTHY et al.
(551 SE2d 785)

SMITH, Presiding Judge.

Betty Jean Outlaw brought this action against Craig Nasworthy and the City of Pineview after Nasworthy arrested her and charged

---

her with misdemeanor obstruction of a police officer. The trial court granted summary judgment to Nasworthy based on the doctrines of official and qualified immunity. The court also granted summary judgment to the City of Pineview on several grounds. Outlaw appeals. We conclude that the trial court correctly granted summary judgment to the City of Pineview and that Nasworthy was entitled to official immunity on any state law claims. We are constrained by the facts of this case, however, to conclude that before the legal issue of whether Nasworthy is entitled to qualified immunity can be decided, factual issues exist that must be resolved by a jury. We therefore affirm in part and reverse in part and remand this case to the trial court for further proceedings.

This action arose out of an incident that began when Outlaw's friend, Rogers, drove Outlaw's vehicle away from a party. Nasworthy, a City of Pineview police officer, stopped Rogers and arrested him for DUI. During the traffic stop, Outlaw's son stopped at the scene and asked Nasworthy what he was "going to do with his mama's [J]eep." Nasworthy knew that the son did not have a license but told him that if he could find someone to drive the Jeep, it could be taken home. A short time later, Outlaw arrived at the scene. The deposition testimony of Outlaw and Nasworthy conflicts in material respects concerning the events that followed. Nasworthy claims that Outlaw attempted to retrieve her car while possibly intoxicated and that she fought with him, resulting in her arrest. Outlaw, on the other hand, contends that Nasworthy attacked and injured her when she was peacefully walking away from the scene.

Outlaw brought this action against Nasworthy and the City of Pineview. She alleged that Nasworthy violently attacked her without cause and that his acts constituted false arrest, a deprivation of her "rights of equal protection under the law" and further constituted civil rights violations under 42 USC § 1983. She also alleged that Nasworthy's actions were imputable to the City of Pineview and sought actual and punitive damages. Following the trial court's grant of summary judgment to Nasworthy and the city, Outlaw brought this appeal.

1. We first address Outlaw's argument that Nasworthy was not entitled to qualified immunity with respect to her 42 USC § 1983 claim.

Government officials, including police officers, are entitled to immunity from personal liability under 42 USC § 1983 if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. [Cits.]" *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (102 SC 2727, 73 LE2d 396) (1982). See also *Gardner v. Rogers*, 224 Ga. App. 165, 167 (480 SE2d 217) (1996).

> The test for determining whether a defendant is protected from suit by the doctrine of qualified immunity is the objective reasonableness of the defendant's conduct as measured by reference to clearly established law. On a motion for summary judgment, if the applicable law was clearly established at the time the defendant acted, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct.

(Citations and punctuation omitted.) Id. at 167 (1).

Application of this test under the circumstances of this case, however, is not possible at this stage of the proceedings. The question of whether a government official is entitled to qualified immunity is a question of law for the court to decide. See *Bell v. City of Albany*, 210 Ga. App. 371, 376, fn. 4 (436 SE2d 87) (1993). But here, the relevant facts as to Nasworthy's behavior are in sharp dispute, and it is axiomatic that this court cannot make factual determinations. See, e.g., *Crews v. McQueen*, 192 Ga. App. 560, 561 (1) (385 SE2d 712) (1989). Threshold findings of fact concerning the circumstances of Outlaw's arrest must be made before the immunity issue can be decided. Only a jury can do this. In this circumstance, we conclude that the trial court is authorized to submit a special verdict form to the jury to resolve the factual conflicts. "[A] trial court may submit questions of fact to the jury in the form of special verdicts if, in its discretion, it desires to seek a jury's aid to resolve specific factual disputes. The court then will have the facts as determined by the jury's special verdict in deciding the ultimate constitutional issue." (Footnote omitted.) *Dover v. City of Jackson*, 246 Ga. App. 524, 530 (4) (541 SE2d 92) (2000). Based upon the jury's factual findings, the trial court may then be authorized to determine whether Nasworthy is entitled to qualified immunity.[1]

2. Outlaw also contends the trial court erred in concluding that Nasworthy was entitled to official immunity with respect to her state law claim for false arrest. We find no error. It is well settled that an officer performing a discretionary act is entitled to official immunity unless he or she "acted with actual malice or with actual intent to cause injury." *Todd v. Kelly*, 244 Ga. App. 404, 406 (1) (535 SE2d 540) (2000). See also *Merrow v. Hawkins*, 266 Ga. 390 (467 SE2d 336) (1996). Actual malice denotes "express malice or malice in fact."

---

[1] A similar procedure was recommended in *Stone v. Peacock*, 968 F2d 1163, 1166 (11th Cir. 1992). In that case, the circuit court stated that the trial court must decide if the defendants were entitled to qualified immunity but also instructed the parties on remand that "[i]f there are disputed issues of fact concerning qualified immunity that must be resolved by a full trial and which the district court determines that the jury should resolve, special interrogatories would be appropriate." Id.

(Citation and punctuation omitted.) Id. at 392 (2). The record does not show that Nasworthy intended to injure Outlaw. Nor does the evidence presented on motion for summary judgment "give even an inference of actual malice, much less proof of it." (Footnote omitted.) *Woodward v. Gray*, 241 Ga. App. 847, 851 (c) (527 SE2d 595) (2000).

3. Outlaw argues the trial court erred in granting summary judgment to the City of Pineview. She claims that the city "had the policy, custom and practice of ignoring citizen complaints" concerning city police officers and that this pattern of inaction "directly led to the constitutional violations in question and amount[ed] to a failure on the part of Pineview to protect constitutional rights of citizens."

To hold a city liable for deprivation of rights secured under the Constitution and laws of the United States under 42 USC § 1983, a plaintiff must prove that the municipality

> deprived him of a constitutional right pursuant to an impermissible or corrupt policy which is intentional and deliberate. The alleged deficiency must be closely related to the ultimate injury, because in virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city could have done to prevent the unfortunate incident. . . . [T]he plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged.

(Citations and punctuation omitted.) *Carter v. Glenn*, 243 Ga. App. 544, 545 (1) (533 SE2d 109) (2000).

Contrary to Outlaw's argument, the evidence in this case does not show an impermissible or corrupt policy of ignoring citizen complaints. Outlaw points to Nasworthy's testimony that he was fired from his position as a police officer because he did not write enough tickets, despite the mayor's "directive." But even if true, allegations concerning the number of tickets written by officers are not "closely related" to the ultimate injury allegedly suffered by Outlaw — injury caused by the use of excessive force. See *Carter*, supra, 243 Ga. App. at 547-548. The evidence in this case does not show "any official [c]ity policy or custom of using excessive force against arrestees," *Bell*, supra, 210 Ga. App. at 373, and the trial court did not err in granting summary judgment in favor of the City of Pineview.

Other testimony by Outlaw in her deposition amounts to conjecture concerning the city's knowledge of a pattern of improper actions on the part of police officers. She testified that she heard a "commotion" downtown and saw a woman "coming out" from city hall, with the police chief behind her. According to Outlaw, the woman got into a car, and the chief reached in "and grabbed her by her leg and one of

her arms and pulled her out of the car." Outlaw did not hear any words spoken by either the woman or the chief, nor did she ever talk with the woman about the incident. Without a showing of further circumstances surrounding the incident, any conclusion that the police chief's alleged use of force may have been unreasonable or excessive is purely speculative. Similarly, Outlaw testified concerning her allegations in her complaint that city police officers had engaged in a reign of terror, harassing citizens, filing false charges, and abusing them. When asked if she knew whether the mayor and city council were aware of these alleged acts, she could only speculate that because he was the mayor, "he was aware of [the unlawful acts] anyway from the get-go." It also appears that she believed he was aware of corrupt practices because of some conflicts that occurred at city hall resulting in the use of pepper spray. But again, this amounts to nothing more than conjecture that the city engaged in an unlawful pattern of using excessive force.

We note that Outlaw cites to deposition testimony in three cases allegedly filed against the Pineview police chief to show that city officials knew that police officers were frequently and without justification using pepper spray on citizens. This deposition testimony does not appear in the record in this case, however. "Allegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review. [Cit.]" *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

*Judgment affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. Barnes and Phipps, JJ., concur.*

DECIDED JULY 3, 2001.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.
*Chambless, Higdon & Carson, Mary M. Katz*, for appellees.