### A04A2013. BYRD v. CAVENAUGH.
(604 SE2d 655)

BLACKBURN, Presiding Judge.

In this action regarding the use of allegedly excessive force during an arrest, Teresa Gaye Byrd appeals the trial court's dismissal of her action against Officer Brian Cavenaugh, contending that her complaint adequately stated a claim for damages for which relief could be granted. For the reasons set forth below, we must reverse.

The standard used to evaluate the grant of a motion to dismiss when the sufficiency of the complaint is questioned is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.

---

*Cooper v. Unified Govt. of Athens-Clarke County.*[1]

In her complaint, Byrd alleges that, on the night of June 9, 2000, Officer Cavenaugh pulled up behind her car at a stop sign. Byrd then made two right turns and stopped her car in a private driveway. At that point, Officer Cavenaugh activated his blue lights, and Byrd walked into an alley behind a friend's house where she got on her knees and placed her arms in the air in "surrender." Byrd further alleges that, at that point, Officer Cavenaugh followed her into the alley, grabbed her arms, jerked them behind her back, and handcuffed her. According to Byrd, Officer Cavenaugh then pulled her to her feet by jerking the handcuffs upward with enough force to break her arm.[2]

Based on these allegations, Byrd brought suit against Officer Cavenaugh, arguing both that he battered her and that his use of excessive force violated her rights under both the Due Process Clause and the Fourth Amendment of the United States Constitution. On December 20, 2002, Officer Cavenaugh filed a motion to dismiss Byrd's claims, and, on October 27, 2003, the trial court granted this motion. Byrd now appeals this decision.

Byrd's claim against Officer Cavenaugh for battery is untenable.

[Byrd's] state law battery claim against [Cavenaugh] is barred by the [Georgia Tort Claims] Act because it is clear from the complaint that the alleged battery arose from the performance of [Cavenaugh's] official duties as a [law enforcement] officer. Under the Act, state employees are immune from liability arising from the performance of their official duties. OCGA §§ 50-21-21 (b), 50-21-25 (a); *Datz v. Brinson;*[3] *Collier v. Whitworth.*[4]

*Mattox v. Bailey.*[5]

Byrd's claims brought pursuant to the Due Process Clause of the U. S. Constitution are equally untenable. The United States Supreme Court has held that "a free citizen's claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person . . . are properly

---

[1] *Cooper v. Unified Govt. of Athens-Clarke County*, 275 Ga. 433, 434 (2) (569 SE2d 855) (2002).

[2] Officer Cavenaugh's version of the events differs greatly from Byrd's. We must stress that the "facts" that we must assume for purposes of deciding this appeal may not be the ultimate set of facts found to be true by the appropriate factfinder.

[3] *Datz v. Brinson*, 208 Ga. App. 455 (430 SE2d 823) (1993).

[4] *Collier v. Whitworth*, 205 Ga. App. 758, 759 (423 SE2d 440) (1992).

[5] *Mattox v. Bailey*, 221 Ga. App. 546 (1) (472 SE2d 130) (1996).

analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." *Graham v. Connor*.[6]

With regard to Byrd's 42 USC § 1983 claims[7] brought pursuant to the Fourth Amendment of the U. S. Constitution, however, her action was not subject to dismissal for failure to state a claim. Byrd contends in her amended complaint that Cavenaugh "used excessive force in jerking the handcuffs [while pulling her to her feet] and broke her arm." Cavenaugh counters, however, that Byrd cannot maintain suit against him based on the doctrine of qualified immunity.

> While it is true that police officers performing discretionary functions are generally entitled to qualified immunity shielding them from personal liability under 42 USC § 1983, such immunity exists only "insofar as (the officer's) conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*;[8] *Bell v. City of Albany*.[9] "(T)he test for determining whether a defendant is protected from suit by the doctrine of qualified immunity is the objective reasonableness of the defendant's conduct as measured by reference to clearly established law." . . . In this case, plaintiff's excessive force claim is premised upon a clearly established right of which [Cavenaugh] should have known, namely the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution. In determining whether [Cavenaugh] clearly violated plaintiff's Fourth Amendment rights, and thus, whether or not he is entitled to qualified immunity, however, we must examine his actions in light of the Fourth

---

[6] *Graham v. Connor*, 490 U. S. 386, 388 (109 SC 1865, 104 LE2d 443) (1989).

[7] As pointed out in *Gainor v. Douglas County, Georgia*, 59 FSupp.2d 1259, 1269 (II) (N.D. Ga. 1998):

Section 1983 creates no substantive rights. *See Baker v. McCollan*, 443 U. S. 137, 140, 144 n. 3 (99 SC 2689, 61 LE2d 433) (1979). Rather, it provides a vehicle through which an individual may seek redress when his or her federally protected rights have been violated by an individual or individuals acting under color of state law. *See Livadas v. Bradshaw*, 512 U. S. 107, 132 (114 SC 2068, 129 LE2d 93) (1994) (citations omitted). Thus, for every § 1983 claim, plaintiff must identify a specific federal right and demonstrate that the standard of care provided for by that right has been violated by a state actor. *See Graham*[, supra at] 394; *Daniels v. Williams*, 474 U. S. 327, 330 (106 SC 662, 88 LE2d 662) (1986).

[8] *Harlow v. Fitzgerald*, 457 U. S. 800, 801 (3) (a) (102 SC 2727, 73 LE2d 396) (1982).

[9] *Bell v. City of Albany*, 210 Ga. App. 371, 374 (436 SE2d 87) (1993).

Amendment's objective reasonableness test. See *Bell*, [supra] at 374-375; *Graham*[, supra].

*Gardner v. Rogers*.[10]

Such an examination shows that, under the appropriate standard of review for a motion to dismiss, Cavenaugh's actions cannot be considered objectively reasonable. The requisite examination

> is to be made from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. As the excessive force standard is objective, the officer's motivation or intent in using force is irrelevant. Like reasonable suspicion and probable cause, the determination of whether plaintiff was subjected to the use of excessive force is a fact-sensitive inquiry. Such factors as the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is resisting or fleeing are often crucial to the question of whether the force used was objectively reasonable. Further, because the Fourth Amendment's excessive force standard establishes no bright line, qualified immunity applies unless application of the standard would inevitably lead every reasonable officer in defendant's position to conclude the force was unlawful.

(Citations and punctuation omitted.) *Gainor v. Douglas County, Georgia*.[11]

Finally, in examining the propriety of Cavenaugh's actions, "[w]e must also inquire whether [Cavenaugh's] conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to him, notwithstanding the lack of fact-specific case law." (Punctuation omitted.) *Vinyard v. Wilson*.[12]

In light of the parameters set forth above, it is instructive to note that Georgia law authorizes an arresting officer to use no more force than is reasonably necessary under the circumstances to effect the arrest. *Mullis v. State*.[13] In this case, accepting the plaintiff's version of events to be true, which we must, we cannot say that the use of force powerful enough to break Byrd's arm after she was handcuffed and on her knees was reasonably necessary in making her arrest. Nor can we conclude that it would not be readily apparent to Cavenaugh that the

---

[10] *Gardner v. Rogers*, 224 Ga. App. 165, 167 (1) (480 SE2d 217) (1996).

[11] *Gainor*, supra at 1286 (V).

[12] *Vinyard v. Wilson*, 311 F3d 1340, 1355 (III) (E) (11th Cir. 2002).

[13] *Mullis v. State*, 196 Ga. 569, 577 (27 SE2d 91) (1943).

use of such force was not excessive or in violation of Byrd's Fourth Amendment rights.[14] *Vinyard, supra.* As such, the trial court erred by dismissing Byrd's claims brought pursuant to 42 USC § 1983 regarding excessive force used during an arrest.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED SEPTEMBER 15, 2004.

*James N. Finkelstein,* for appellant.

*Young, Thagard, Hoffman, Smith & Lawrence, Daniel C. Hoffman, Matthew R. Lawrence,* for appellee.

---

[14] While our federal courts have determined that "[p]ainful handcuffing, without more, is not excessive force . . . where the resulting injuries are minimal," *Rodriguez v. Farrell,* 280 F3d 1341, 1351 (B) (11th Cir. 2002), it cannot be said that a broken arm is just a minimal injury.