## S99A0242. KIDD et al. v. COATES et al.
(518 SE2d 124)

CARLEY, Justice.

Appellees Daniel Coates, a member of a multi-agency drug unit, and David Aguilar, a City of Winder policeman, were among the law enforcement officers who executed a "no-knock" search warrant at the home of Coy Ray Gaddis. Appellees fired their weapons at Gaddis, who was killed by a bullet from Officer Coates' gun. Gaddis' administratrix and members of his family (Appellants) brought this wrongful death suit against several parties, including Appellees. The trial court granted Appellees' motions for summary judgment, finding that, in the absence of any evidence of their actual malice, the principle of official immunity shielded them from tort liability for their discretionary acts. Appellants appealed to the Court of Appeals, which transferred the case to this Court on the ground that it involved construction of the official immunity provisions of the Georgia Constitution.

As Appellants concede, Appellees' acts in executing the warrant and firing the guns at Gaddis were discretionary. Therefore, Appellees are liable in tort only if they performed those acts "with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). Appellants do not contend that Appellees acted with actual malice. For purposes of this appeal only, we assume that "actual malice" and "actual intent to cause injury" do not have identical meanings. See *Hazelwood v. Adams*, 235 Ga. App. 607, 610 (2) (b) (510 SE2d 147) (1998). Under this assumption, summary judgment would be inappropriate, even in the absence of evidence of Appellees' actual malice, if a genuine issue of material fact remains as to their actual intent to cause injury to Gaddis. Appellants urge that Appellees acted with that actual intent, because they intentionally fired their guns at Gaddis.

The phrase "actual intent to cause injury" has been defined in a tort context to mean "an actual intent to cause harm to the plaintiff, 'not merely an intent to do the act purportedly resulting in the claimed injury.' [Cit.] 'This definition of intent contains aspects of malice, perhaps a wicked or evil motive.' [Cit.]" *Frame v. Boatmen's Bank*, 782 SW2d 117, 121 (Mo. App. 1989). This is consistent with the holding that Art. I, Sec. II, Par. IX (d) protects " 'individual public agents from personal liability for discretionary actions taken within

the scope of their official authority, and done without *wilfulness, malice or corruption.* (Cit.)' " (Emphasis supplied.) *Daniels v. Gordon,* 232 Ga. App. 811, 813 (2) (503 SE2d 72) (1998). Under this definition, an officer who, in the performance of his official duties, shoots another in self-defense is shielded from tort liability by the doctrine of official immunity. One who acts in self-defense does not act with the tortious intent to harm another, but does so for the non-tortious purpose of defending himself. OCGA § 51-11-1. Because an officer does not lose the right to defend himself when he acts in his official capacity, we hold that an injurious work-related act committed by an officer, but justified by self-defense, comes within the scope of official immunity. Thus, if Appellees shot Gaddis intentionally and without justification, then they acted solely with the tortious "actual intent to cause injury." See *Gardner v. Rogers,* 224 Ga. App. 165, 169 (4) (480 SE2d 217) (1996). On the other hand, if Appellees shot Gaddis in self-defense, then they had no actual tortious intent to harm him, but acted only with the justifiable intent which occurs in every case of self-defense, which is to use such force as is reasonably believed to be necessary to prevent death or great bodily injury to themselves or the commission of a forcible felony. OCGA §§ 16-3-21 (a); 51-11-1.

As movants for summary judgment, Appellees showed that they saw Gaddis point a gun at them and that a gun was found beside Gaddis' body. In opposition, Appellants presented the depositions of Mary Gaddis and her daughter, both of whom were present in the house during the shooting. Their testimony does not controvert the evidence of self-defense, but rather shows that neither of them could see Gaddis or Appellees at the precise time of the shooting. Furthermore, Appellants presented no evidence that Gaddis was unarmed, that Appellees did not have a reasonable belief that deadly force was necessary, or that a gun was "planted" beside Gaddis' body. Therefore, Appellees' evidence that they acted in self-defense is undisputed. See *Adams v. State,* 72 Ga. 85 (1883); *Gordy v. State,* 93 Ga. App. 743 (92 SE2d 737) (1956); *Hanna v. Estridge,* 59 Ga. App. 182 (200 SE 174) (1938). Accordingly, there being no genuine issue of fact as to Appellees' lack of actual tortious intent to harm Gaddis, they cannot be liable for causing his death in the performance of their official, discretionary acts. Compare *Gardner v. Rogers,* supra. The trial court correctly granted Appellees' motions for summary judgment on the basis of official immunity.

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 3, 1999.

Official immunity; constitutional question. Barrow Superior Court. Before Judge Adamson.

*Harvey, McCormack & Free, Walter B. Harvey, Thomas E.*

McCormack, for appellants.

Daniels & Rothman, Gregory A. Daniels, Jeffery A. Rothman, Carey, Jarrard & Walker, Jack M. Carey, for appellees.