[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 07 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13941
Non-Argument Calendar

_____

D. C. Docket No. 01-00148-CV-WBH-3

VICTOR HARRIS,

Plaintiff-Appellant,

versus

COWETA COUNTY, GA,
SHERIFF MICHAEL S. YEAGER,
SGT. MARK FENNINGER,
DEPUTY CLINTON D. REYNOLDS,
DEPUTY TIMOTHY C. SCOTT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 7, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Victor Harris appeals the grant of summary judgment against his claims of negligence and battery and in favor of Timothy Scott, Deputy of Coweta County; Mark Fenninger, Sergeant of Coweta County; and Michael Yeager, Sheriff of Coweta County. Because there was no evidence of malice or "actual intent to cause injury" by the pursuing law enforcement officer, Harris, as a fleeing suspect, is precluded from recovery under Georgia law. We affirm the summary judgment.

In an interlocutory appeal from a denial of Scott's motion for summary judgment based on qualified immunity from liability for Harris's complaint of excessive force, see 42 U.S.C. § 1983, the Supreme Court articulated the relevant facts in this case as follows:

> In March 2001, a Georgia county deputy clocked respondent's vehicle traveling at 73 miles per hour on a road with a 55-mile-per-hour speed limit. The deputy activated his blue flashing lights indicating that respondent should pull over. Instead, respondent sped away, initiating a chase down what is in most portions a two-lane road, at speeds exceeding 85 miles per hour. The deputy radioed his dispatch to report that he was pursuing a fleeing vehicle, and broadcast its license plate number. Petitioner, Deputy Timothy Scott, heard the radio communication and joined the pursuit along with other officers. In the midst of the chase, respondent pulled into the parking lot of a shopping center and was nearly boxed in by the various police vehicles.

> Respondent evaded the trap by making a sharp turn, colliding with Scott's police car, exiting the parking lot, and speeding off once again down a two-lane highway.
>
> Following respondent's shopping center maneuvering, which resulted in slight damage to Scott's police car, Scott took over as the lead pursuit vehicle. Six minutes and nearly 10 miles after the chase had begun, Scott decided to attempt to terminate the episode by employing a "Precision Intervention Technique ('PIT') maneuver, which causes the fleeing vehicle to spin to a stop." . . . Having radioed his supervisor for permission, Scott was told to "'[g]o ahead and take him out.'" . . . Instead, Scott applied his push bumper to the rear of respondent's vehicle. As a result, respondent lost control of his vehicle, which left the roadway, ran down an embankment, overturned, and crashed. Respondent was badly injured and was rendered a quadriplegic.

Scott v. Harris, 127 S. Ct. 1769, 1773–74 (2007). The Supreme Court concluded that "it was reasonable for Scott to take the action that he did," and he was entitled to qualified immunity. Id. at 1778–79.

Upon remand, we vacated our prior decision and remanded the case to the district court. The district court adopted our mandate and concluded that there were no remaining issues to be decided. In this final appeal, Harris seeks to revive his state law claims against Scott, Fenninger, and Yeager, which were disposed of by the district court in earlier summary judgment orders.

We review the grant of summary judgment by a district court de novo. Beshers v. Harrison, 495 F.3d 1260, 1265 (11th Cir. 2007). Summary judgment is

3

appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Harris argues that the district court erred when it granted summary judgment against his complaints of negligence and battery. Harris argues that there was sufficient evidence to support a finding that the law enforcement officers acted with "actual malice or actual intent to cause injury." We disagree.

Under Georgia law, an officer's pursuit of a fleeing suspect "shall not be the proximate cause or a contributing proximate cause of the damage, injury or death caused by the fleeing suspect unless the law enforcement officer acted with reckless disregard for proper law enforcement procedures," Ga. Code Ann. § 40-6-6(d)(2), but when the injured party is the fleeing suspect, the rule is different. City of Winder v. McDougald, 583 S.E.2d 879, 881 (Ga. 2003). In City of Winder, the Supreme Court of Georgia concluded that "[b]ecause the legislature enacted subsection (d)(2) to limit liability when a fleeing suspect injures an innocent person . . . the legislature did not intend simultaneously to expand liability to cover injuries to the fleeing suspect." Id. at 880. The court left open the possibility that "[t]he fleeing suspect may be able to recover for her own injuries if an officer acts with an actual intent to cause injury." Id. at 881. The court referenced its earlier opinion of Kidd v. Coates, 518 S.E.2d 124 (Ga. 1999), in which it cited with

4

approval the definition of a Missouri appellate court of the phrase, "actual intent to cause injury."

> The phrase "actual intent to cause injury" has been defined in a tort context to mean "an actual intent to cause harm to the plaintiff, 'not merely an intent to do the act purportedly resulting in the claimed injury.' . . . 'This definition of intent contains aspects of malice, perhaps a wicked or evil motive.'"

Id. at 125 (citing Frame v. Boatmen's Bank, 782 S.W.2d 117, 121 (Mo. App. 1989).

Although it is unclear whether Georgia law ever allows a fleeing suspect to recover for his own injuries, the Supreme Court of Georgia has held that a fleeing suspect is not entitled to recover for his injuries when "there was no evidence that the officer acted with malice or an actual intent to cause injury." See City of Winder, 583 S.E.2d at 881. That precedent governs this appeal. Harris cannot recover because he has not identified evidence of malice or an "actual intent to cause injury" by the pursuing law enforcement officer.

The summary judgment is

**AFFIRMED.**