[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

————————————————

No. 07-14350
Non-Argument Calendar

————————————————

D. C. Docket No. 05-03124-CV-CAP-1

ELVESTER GOREE,

Plaintiff-Appellant,

versus

CITY OF ATLANTA, GA,
RICHARD PENNINGTON,
Individually and in his official capacity
as Chief of Police, Atlanta, Georgia,
OFFICER K. R. KEENEY,
OFFICER KNAPP,

Defendants-Appellees,

ARRESTING OFFICER, et al.,

Defendants.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(May 1, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Elvester Goree, proceeding pro se, appeals the district court's grant of the defendants' motion for summary judgment in his 42 U.S.C. § 1983 action. In connection with an altercation that led to his arrest on disorderly conduct charges, Goree alleged that the City of Atlanta, Georgia, the Chief of Police Richard Pennington, and Atlanta police officers K.R. Keeney and Kevin Knapp (collectively "defendants"), violated his Fourth and Fourteenth Amendment rights.[1] In addition, Goree alleged numerous state law violations, including false imprisonment, malicious arrest, malicious prosecution, intentional infliction of emotional distress, assault, battery, intentional misrepresentation, conspiracy, and "outrageous conduct." After thorough consideration, we find Goree's arguments to be without merit and accordingly affirm the district court's grant of summary judgment.

We review pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160

---

[1] When the plaintiff, like Goree, is a pretrial detainee, claims of cruel and unusual punishment sound properly in the Fourteenth Amendment right to due process as opposed to the Eighth Amendment. See Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Because the applicable standard is the same under either provision, we can apply case law involving prison inmates to cases involving arrestees and pretrial detainees. See Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc).

(11th Cir. 2003). We review de novo a district court's grant of summary judgment, applying the same standards as a district court. Kingsland v. City of Miami, 382 F.3d 1220, 1225 (11th Cir. 2004). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Miller v. Harget, 458 F.3d 1251, 1255 (11th Cir. 2006), cert. denied, 127 S. Ct. 2429 (2007). We view all of the evidence and factual inferences in the light most favorable to the non-moving party and resolve all reasonable doubts in the non-moving party's favor. Kingsland, 382 F.3d at 1226. However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Affidavit statements "that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment." Id.

On appeal of his Fourth Amendment claim, Goree first argues that the police officers did not have probable cause to arrest him because they did not interview any witnesses before arresting him, and, even if they did, there is still a question of fact regarding what the witnesses told the officers. He argues that the witnesses and officers are either biased or liars based on: (1) his injuries compared to the alleged victim's injuries; (2) the physical characteristics of those involved in the

3

altercation; (3) the past convictions of Baldwin, one of the witnesses; and (4) the fact that the witnesses did not call the police.

A warrantless arrest without probable cause violates the Fourth Amendment and can form the basis for a § 1983 claim. Rodriguez v. Farrell, 280 F.3d 1341, 1345 (11th Cir. 2002). However, if probable cause existed for an arrest, then the Fourth Amendment was not violated. Jordan v. Mosley, 487 F.3d 1350, 1355 (11th Cir. 2007).

Probable cause exists when "the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. at 1355 (internal quotation and citation omitted). "Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996) (internal quotation and citation omitted).

We are satisfied that the circumstances, at the time, presented the officers with probable cause to arrest Goree. We agree with the district court that Goree's own inconsistent statements make clear that the officers conducted some type of investigation at the scene that led them to reasonably believe that Goree had

4

instigated the altercation and that his injuries were the result of the putative victim's use of defensive force. The district court, therefore, did not err in granting summary judgment on the Fourth Amendment claim because there was probable cause to arrest Goree.

Challenging summary judgment on his Fourteenth Amendment claim, Goree argues that the officers witnessed the extent of his physical injuries, including blood flowing from his eyes and mouth, limping, and grimaces of pain. He contends that the officers unnecessarily delayed taking him to the hospital for a period of one hour and twenty minutes, and he contends that one hour of unnecessary pain is the same as an hour of torture. He also contends that he should have been transported by ambulance instead of by police car. He claims that the officers knew that the possible consequences of his injuries included: (1) his retina detaching; (2) blood clots; and (3) sprains or hairline fractures. He concludes that the officers' actions constituted unnecessary and wanton infliction of pain, violating his Fourteenth Amendment rights.

To succeed on a § 1983 claim based on the Fourteenth Amendment, a pretrial detainee must establish: (1) an "objectively serious deprivation," in other words, a serious medical need that if left unattended poses a substantial risk of serious harm; (2) a response by the public official that is so inadequate that it

5

constitutes "an unnecessary and wanton infliction of pain;" and (3) an attitude of deliberate indifference by illustrating that the public official was aware of the facts from which a substantial risk of serious harm could be inferred and drawing that inference. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

A medical need is serious when it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). "In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotation and alteration omitted). For example, we have found that evidence was sufficient to establish a "serious medical need" where the plaintiff's leg had collapsed, he was in extreme pain, and could barely walk. Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989).

However, even if a party demonstrates a "serious medical need," he still must establish a "deliberate indifference" toward that need. See Farrow, 320 F.3d at 1243. "To establish the second element, . . . the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Johnson, 387 F.3d at 1351. The Supreme Court had held that "an official's failure to alleviate a significant risk

6

that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 838, 114 S. Ct. 1970, 1979 (1994).

In this case, even assuming that Goree's injuries constituted serious medical needs, he has failed to offer any evidence that indicates the defendants treated him with deliberate indifference so as to constitute wanton infliction of unnecessary pain. It is undisputed that Goree was able to walk to the officers at the scene and was ambulatory at the hospital, and therefore Goree has failed to demonstrate how the officers disregarded a known risk when they transported him by police car, rather than ambulance, or that they otherwise delayed his receiving treatment with the requisite culpability. The district court properly granted summary judgment on Goree's Fourteenth Amendment claim.[2]

With regard to Appellant's state law claims, Goree argues that he established

_____

[2] Because we have not found that Goree has pointed to facts that would constitute a constitutional violation, we have not proceeded with the requisite qualified immunity analysis that would otherwise protect these officers from liability under section 1983.

To the extent that Goree challenges on appeal the district court's grant of summary judgment to the City and Chief Pennington, his arguments fail for want of establishing a genuine issue of material fact as to the underlying constitutional deprivation. See Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred."). Moreover, Goree has also failed to demonstrate that Chief Pennington had any personal involvement in this matter. See Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.").

that the defendants acted with malice in arresting him without a warrant. He claims that the defendants committed the intentional tort of false imprisonment because there were no exigent circumstances to arrest him without a warrant, and the Atlanta City Police rulebook informed the officers of the prohibition against warrantless arrest in the absence of exigent circumstances. He argues that malice can be inferred from knowledge that conduct is wrong, and the officers knew that their conduct was wrong. He also alleges that the officers assaulted him by allowing him to suffer unnecessary pain from his ankle injury. Further, he argues that Chief Pennington can be held liable for these state law claims as his lack of discipline constituted tacit approval of such violations.

In Georgia, false imprisonment is the unlawful detention of a person for any length of time. O.C.G.A. § 51-7-20 (2007). The essential elements of such an offense are the arrest or detention and the unlawfulness thereof. Arbee v. Collins, 463 S.E.2d 922, 926 (Ga. Ct. App. 1995). "The existence of probable cause standing alone is not a complete defense in a false imprisonment case because, even if probable cause to believe a crime has been committed exists, a warrantless arrest would still be illegal unless it was accomplished pursuant to one of the 'exigent circumstances'" set out by law. Id. at 926. Exigent circumstances include if the offense is committed in the presence of the officer or within such officer's

8

immediate knowledge, the offender is trying to escape, or if there is likely to be a failure of justice absent an immediate arrest. O.C.G.A. § 17-4-20.

In Georgia, official or qualified immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption." Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001) (internal quotation and citation omitted). A public officer may be personally liable only for ministerial acts negligently performed or discretionary acts performed with malice or an intent to injure. Id. at 344. Actual malice "requires a deliberate intention to do wrong." Merrow v. Hawkins, 467 S.E.2d 336, 337 (Ga. 1996). Actual intent to cause injury means "an actual intent to cause harm to the plaintiff." Kidd v. Coates, 518 S.E.2d 124, 125 (Ga. 1999).

Here, the defendants are entitled to official immunity on the state law claims. The record does not show any support for Goree's contentions that the actions of the defendants demonstrated the requisite malice to overcome official immunity under state law. Goree's unsupported allegations of a conspiracy to frame him for the altercation is insufficient to pierce the protections of official immunity on these claims.

We find no reason to question the well reasoned decision of the district court

9

and accordingly the judgment is

**AFFIRMED.**[3]

_____

[3] Appellant's request for oral argument is denied.